UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GROVE HARBOUR MARINA AND
CARIBBEAN MARKETPLACE, LLC,**

      Plaintiff,

vs.                                       Case No.:  1:12-cv-24348-MGC

**CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, and IRONSHORE INSURANCE
LTD.,**

      **Defendants.**
_____/

### AMENDED NOTICE OF REMOVAL OF A CIVIL ACTION

By and through counsel, Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Certain Underwriters") and IRONSHORE INSURANCE LTD. (collectively the "Insurers"), pursuant to 28 U.S.C. §§ 1441 and 1446, file this amended notice of removal of a civil action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.  Further, Defendant IRONSHORE INSURANCE LTD. ("Ironshore") asserts that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention") and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202 and 205.  In support of removal, the Insurers allege as follows:

      1.      On or about November 8, 2012, Plaintiff Grove Harbour Marina and Caribbean Marketplace, LLC filed a lawsuit against the Insurers in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where said action was pending under Docket Number 12-43901 CA 30, which was captioned, *Grove Harbour Marina and Caribbean*

<u>Marketplace, LLC v. Certain Underwriters at Lloyd's, London, and Ironshore Insurance Ltd</u>.

2. On November 14, 2012, Plaintiff served the Chief Financial Officer of the State of Florida with a Summons addressed to Certain Underwriters, the Complaint, exhibits to the Complaint, and a Notice of Designation of Email Addresses.

3. On November 19, 2012, the Chief Financial Officer of the State of Florida forwarded, via electronic delivery, a copy of the Summons addressed to Certain Underwriters and the Complaint to Mendes & Mount, 750 Seventh Avenue, New York, New York 10019-6829, the designated registered agent for Certain Underwriters. (*See* Doc. No. 1-1).

4. On December 10, 2012, the Insurers served a Notice of Removal with this Court. (*See* Doc. No. 1).

5. On December 14, 2012, this Honorable Court ordered the Insurers to file an amended notice of removal to allege the citizenship of Plaintiff within 21 days of the Order. (*See* Doc. No. 6).

6. This matter relates to an insurance claim Plaintiff submitted to Insurers for damage to Plaintiff's property caused by a fire that occurred at its marina on December 17, 2011.

7. At the time of the fire, certain of Plaintiff's property located at 2640 South Bayshore Drive in Miami, Florida was insured under two property insurance policies, Policy No. 14148X11 (65% share of the risk) issued by Defendant Ironshore and Policy No. 14158X11 (35% share of the risk) issued by Defendant Underwriters (collectively, the Policies).

8. The Insurers retained an adjuster to investigate and adjust the loss. The adjuster had not completed his investigation and adjustment at the time Plaintiff filed suit because Plaintiff had not provided many of the documents needed to complete the adjustment.

9. At the time Plaintiff filed suit, Plaintiff and the Insurers had not reached an agreement on the amount of damage to Plaintiff's property that is covered under the Policies. Shortly before it filed suit, Plaintiff demanded that the parties' dispute regarding the amount of loss be resolved through the appraisal process set forth in the Policies.

10. On November 27, 2012, Plaintiff submitted to the Insurers an executed Sworn Statement in Proof of Loss, making a claim under the Policies for the damage to Plaintiff's property in the amount of $1,676,528.70. Plaintiff also provided on the same date an estimate of its damages in the same amount. (*See* Doc. No. 1-2).

11. In the Complaint, Plaintiff asserts that it is a Florida corporation conducting business in Miami-Dade County, Florida. (*See* Compl., ¶ 2).

12. However, according to public records, Plaintiff, Grove Harbour Marina and Caribbean Marketplace, LLC, is a limited liability company organized under the laws of Florida. According to Exhibit "A" of Plaintiff's Articles of Organization filed with the Florida Secretary of State, Division of Corporations, Plaintiff's LLC initially had two members – Harbour Management Group, Inc., and Southern Cross Marinas, LC. A copy of Plaintiff's Articles of Organization filed with the Florida Secretary of State is attached hereto as **Exhibit "A"** to this Amended Notice of Removal.

13. Harbour Management Group is a corporation organized under the laws of Florida, with its principle place of business in Miami, Florida. A copy of Harbour Management Group's Articles of Incorporation and Harbour Management Group's organization information from Sunbiz are attached hereto as composite **Exhibit "B."**

14. Southern Cross Marinas, LC was a limited liability company organized under the laws of Florida at the time Plaintiff was created. However, it appears that Southern Cross

Marinas, LC was dissolved in October 2004.  A copy of Southern Cross Marinas' organization information from Sunbiz is attached as **Exhibit "C."**

15. Thus, upon information and belief, Harbour Management Group is the only current member of Plaintiff, Grove Harbour Marina and Caribbean Marketplace, LLC.  *See* Plaintiff's Amended Articles of Organization dated February 11, 2005, which is attached as **Exhibit "D"** and only lists Harbour Management Group as a member.

16. By letter dated December 20, 2012, the Insurers, through counsel, attempted to confirm their understanding of how Plaintiff was formed and who the current members are.  However, the Insurers' counsel has not received a response from Plaintiff's counsel on this issue.

17. Lloyd's Syndicates 2623, 0623, 1969, 1861 and 1200 were the only syndicates to subscribe to Policy No. 14158X11 issued by Certain Underwriters to Plaintiff. (*See* Doc. No. 1-3**;** *see also* Ex. A to Compl.).

18. Before filing this Notice, Certain Underwriters conducted a diversity search for each of the subscribing syndicates to Policy No. 14158X11 – Lloyd's Syndicates 2623, 0623, 1969, 1861 and 1200. (*See* Doc. No. 1-3, ¶ 4).

19. The diversity search revealed that none of the members of Syndicates 2623, 0623, 1969, 1861, and 1200 are citizens of the state of Florida. (*See* Doc. No. 1-3, ¶ 5).

20. Ironshore is a company organized under the laws of Bermuda with its principal place of business in Bermuda.  (*See* Doc. No. 1-4).

21. At the time of the commencement of the action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and since that time, Plaintiff was and is a citizen of the State of Florida.  None of the Insurers are citizens of the State of Florida.

22. Accordingly, Plaintiff's citizenship (Florida) is completely diverse from the citizenship of the Insurers.

23. Therefore, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a) and (c) because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. Further, 28 U.S.C. § 1441(a) provides:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Therefore, because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, removal to this Court is proper pursuant to 28 U.S.C. §1441(a).

25. Moreover, the Policy issued by Ironshore to Plaintiff contains an arbitration provision. (*See* Ex. A to Compl.). When an arbitration agreement falls within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), federal courts have original jurisdiction pursuant to 9 U.S.C. § 203. The arbitration agreement between Ironshore and Plaintiff, citizens of different countries, which provides for arbitration in the United Kingdom (a signatory to the Convention), falls within the Convention. Accordingly, this Court has original jurisdiction over this matter.

26. Along with the initial Notice of Removal, Defendants filed and served their Certification of Notice of Removal, Notice of Filing Notice of Removal and Notice to Counsel of Removal of Action with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (*See* Doc. No. 1-5).

WHEREFORE, Defendants pray that the above-styled action be removed from the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated: January 2, 2013.

**PHELPS DUNBAR LLP**

/s/ Patricia A. McLean_____
Matthew L. Litsky, Esq., FBN 0992194
litskym@phelps.com
Patricia A. McLean, Esq., FBN 129143
mcleanp@phelps.com
Jeffrey S. Pekar, Esq., FBN 0031140
pekarj@phelps.com
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
Telephone:  (813) 472-7550
Facsimile:  (813) 472-7570
**Trial Counsel for Defendants, Certain Interested Underwriters at Lloyd's, London Subscribing to Policy No. 14158X11 and Ironshore Insurance Ltd.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the Amended Notice of Removal of Civil Action has been filed with the Southern District Court, Miami Division via CM/ECF system and served to the following counsel of record via Electronic Mail:  Michael J. Higer, Esq., and Valorie S. Chavin, Esq., Higer Lichter & Givner, LLP, at mhiger@hlglawyers.com and vchavin@hlglawyers.com, on this 2nd day of January, 2013.

/s/ Patricia A. McLean_____
Attorney