UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:12-cv-24348-COOKE/TURNOFF

GROVE HARBOUR MARINA AND
CARIBBEAN MARKETPLACE, LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, and IRONSHORE
INSURANCE LTD.

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR REMAND**
**AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff, Grove Harbour Marina and Caribbean Marketplace, LLC ("Grove Harbour"), moves for an order from this Court remanding this action to the state court. The grounds for this Motion are:

1.    Grove Harbour filed this action in state court and Defendants, Certain Underwriters at Lloyd's London ("Lloyd's") and Ironshore Insurance Ltd. ("Ironshore") (collectively, the "Insurance Companies"), filed a notice of removal (the "Notice") on December 10, 2012. [D.E. 1]

2.    On December 14, 2012, this Court ordered the Insurance Companies to file an amended notice of removal to allege the citizenship of each of the members of Plaintiff, a limited liability company, within 21 days of the Order. [D.E. 6]

3.    On January 2, 2013, the Insurance Companies filed an amended notice of removal, asserting that this Court has "jurisdiction over this action pursuant to the provisions of

1

28 U.S.C. § 1332(a) and (c) because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00." [D.E. 10 ¶ 23]

4. The Amended Notice, however, fails to allege each of the names of Lloyd's syndicates subscribing to the policy, and relies on an insufficient verified statement to support its general allegation that "none of the members of Syndicates 2623, 0623, 1969, 1861 and 1200 are citizens of the state of Florida." [D.E. 10 *citing* D.E. 1-3] *see also* [D.E. 3 ¶ 2]. Therefore, the Insurance Companies have failed to meet their burden of proving that the parties are diverse.

5. The Insurance Companies' argument that the arbitration clause in the Ironshore policy brings this case within this Court's jurisdiction under 9 U.S.C. § 203 is also misplaced because the arbitration clause is incapable of performance and does not fall under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

### Memorandum of Law

"Federal courts are courts of limited jurisdiction" and any "uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001). Because the Insurance Companies failed to properly allege the citizenship of each of Lloyd's members, and because the arbitration provision at issue is both incapable of performance in this case and superceded by the conflicting provision in the Lloyds' policy providing for jurisdiction in the courts of Florida, remand is appropriate here.

**A. The Insurance Companies Failed to Establish Diversity in this Case**

For federal diversity jurisdiction to attach, all parties must be completely diverse. *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1085 (11th Cir. 2010). The party commencing suit in federal court has the burden of establishing, by a preponderance of the

evidence, facts supporting the existence of federal jurisdiction.  *Id.* at 1086.  For federal diversity jurisdiction to attach, Lloyd's must identify and plead the citizenship of each of its members.  *Underwriters at Lloyd's,*  613 F.3d at 1081 (holding that "Lloyd's syndicates, as unincorporated associations, must plead the citizenship of <u>each of their members</u>.") (emphasis added).  Lloyd's, as the removing party, has the burden of establishing facts supporting the existence of federal jurisdiction.  *Id.* at 1086.   Lloyd's, which did not plead the identity and citizenship of each of its members, has failed to establish diversity jurisdiction. *Id.* at 1081-82 (reversing judgment of district court based on lack of subject matter jurisdiction).

Instead of identifying each individual member and its citizenship, as required to meet its burden, Lloyd's only generally alleges that it has "conducted a diversity search" and determined that none of the *unidentified* members of its syndicates are citizens of Florida.  [D.E. 10 ¶¶ 18-19.]  It supports this general allegation with the "verified statement" of a "claims manager" in the property department of Beazley Furlong, which manages only ***two*** of the five syndicates subscribing to the policy.  Moreover, the "verified statement" is not based on the claims manager's personal knowledge. [D.E. 10 *citing* D.E. 1-3] *see also* [D.E. 3 ¶ 2].  *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (defendant's affidavit contained "conclusory assertions of ultimate fact" and failed to set forth sufficient "specific factual declarations within the affiant's personal knowledge" sufficient to shift the defendant's burden on jurisdictional issue to the plaintiff).

Where the Insurance Companies have failed to allege or even assert the citizenship of **each of Lloyd's members,** and chose not to disclose the identity or citizenship of those members as required by the diversity statute and controlling Eleventh Circuit precedent, the Insurance

Companies have failed to meet their burden to prove diversity exists, and the Court has no diversity jurisdiction over this case. *Underwriters at Lloyd's,* 613 F.3d at 1081.

### B. There is No Federal Question Jurisdiction in this Case

Because no diversity exists in this case, the Insurance Companies' removal hinges on its claim that the Court has original jurisdiction pursuant to 9 U.S.C. § 203 which is apparently triggered by the arbitration provision present only in the Ironshore policy. A court conducts a very limited inquiry in deciding whether an agreement to arbitrate falls under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See Bautista v. Star Cruises,* 396 F.3d 1289, 1294 (11th Cir. 2005) (citations omitted). Removal of a case under the Convention is improper if the arbitration clause at issue is "null and void, inoperative or incapable of being performed." *Bautista,* 396 F.3d at 1301 (citing Convention, art. II(3)). Here, the arbitration clause is unenforceable under the Convention and therefore does not support federal subject matter jurisdiction.

The presence of Lloyd's and its undeniable interest in and relationship to the controversy over the Ironshore policy, make the arbitration clause impossible to perform according to its terms. In this case, both Lloyd's and Ironshore insure Grove Harbour's property, and the Lloyd's and Ironshore coverages were sold to the insured as a package deal, with the Lloyd's coverage specifically "subject to the same terms and conditions" as Ironshore's coverage form. [D.E. 1-2 at 58] Both Insurance Companies are designated as "primary" for the same $5,000,000 coverage, with Ironshore bearing 65% and Lloyd's 35% of the risk. [D.E. 1-2 at 9-10, 53, 55, 73, 76]

The arbitration clause in Ironshore's policy apparently creating federal jurisdiction here directly conflicts with the jurisdictional choice specified in the Lloyd's policy. Specifically, the

Lloyd's policy explicitly provides that "[t]his insurance shall be governed and construed in accordance with the Law of Florida and each party agrees to submit to the exclusive jurisdiction of the Courts of Florida in the event of a dispute arising hereunder." [D.E. 1-2 at 58]. Ironshore expressly agreed to Lloyd's participation as a primary insurer of Grove Harbour's property under the coverage arrangement, and thus is necessarily aware of the internal conflict this created within the insurance arrangement. *Gilmore v. St. Paul Fire & Marine Ins.*, 708 So. 2d 679, 682 (Fla. 1st DCA 1998) (where provisions of insurance policy conflicted, the court was "obligated to construe the ambiguities in the policy language against the drafter"). As such, by agreeing to Lloyd's participation in the coverage, which explicitly required each party to litigate the dispute in Florida, Ironshore waived application of its conflicting arbitration provision.

Even if the coverage arrangement were treated as comprising of two independent contracts, the arbitration clause would still fall outside the Convention because it is impossible to perform. The arbitration clause requires that "any" dispute relating to the policy be "finally and fully" determined in a London arbitration, and does not limit its operation to disputes between Ironshore and the insured. [D.E. 1-2 at 29] ("Any dispute, controversy or claim *arising out of or related to* this Policy or the breach, termination or invalidity thereof shall be *finally and fully* determined in London, England.") (emphases added). Lloyd's, however, which participates in the coverage and without whom disputes "related to and arising from" the policy cannot possibly be "finally and fully" resolved, is expressly obligated to "submit to the exclusive jurisdiction of the Courts of Florida in the event of a dispute" arising under its policy. [D.E. 1-2 at 58].

Because the arbitration clause cannot "finally and fully" resolve a dispute and is therefore "incapable of performance", it does not support removal jurisdiction under the Convention. *Bautista,* 396 F.3d at 1301 (citing the Convention, art. II(3)). Thus, 9 U.S.C. § 203 does not

5

Higer Lichter & Givner

operate to create federal jurisdiction in this matter[1].  *See* 9 U.S.C. 205; *see also Watt v. NCL (Bahamas) Ltd.,* No. 10–20293–FAM, 2010 WL 2403107, at *3 (S.D.Fla. Jun.15, 2010) ("Because the arbitration agreement is unenforceable, removal pursuant to the Convention Act-the sole basis for removal-was not proper. The Court accordingly finds that remand is warranted."); *Sivanandi v. NCL (Bahamas) Ltd.*, 22 Fla. L. Weekly Fed. D 441 (S.D. Fla. 2010) ("Having concluded that the arbitration agreement should not be enforced, the Court finds remand is proper."); *Beiser v. Weyler,* 284 F.3d 665, 675 (5th Cir.2002) ("If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court."); *Ruvalcaba v. ET Publ'g Intern., Inc.*, 09-20782-CIV-MORENO, 2009 WL Cir. Cir. 2002) ("If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court.")  *Ruvalcaba v. ET Publ'g Intern., Inc.,* 09-20782-CIV-MORENO, 2009 WL 1606528 *1 (S.D. Fla. 2009) (remanding to state court after determining that no agreement to arbitrate existed).

---

[1] Even if this Court were to retain jurisdiction to enforce the arbitration provision, any arbitral award entered under the terms of the arbitration clause will be unenforceable.  The arbitration provision is void under public policy because it purports to do away with Grove Harbour's statutory right to attorneys fees. *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 474 (Fla. 2011) ("any arbitration agreement that substantially diminishes or circumvents [statutory] remedies stands in violation of the public policy of the State of Florida and is unenforceable").  The Convention applies only to subject matters which are "capable of arbitration."  Convention, art. II(1).  In Florida, "[a] challenge of *coverage* is exclusively a *judicial question ....*" *State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1287 (Fla. 1996) (emphasis in original).  Moreover, the arbitration provision's choice of law is illusory because, although it purports to choose New York law to govern resolution of coverage disputes, it simultaneously abrogates any presumptions New York law would require against the drafter of the policy.  *Douglas v. Johnson Real Estate Investors, LLC*, 470 Fed. Appx. 823, 826 (11th Cir. 2012) (arbitration clause which was illusory under state law was unenforceable).

**Conclusion**

For all of the foregoing reasons, the Court should remand this action to the state court.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(A)(3), undersigned counsel for Grove Harbour hereby certifies that it has conferred with counsel for Lloyd's and Ironshore in a good faith effort to resolve by agreement the issues raised in this Motion, and counsel for Defendants objects to the relief sought.

Respectfully Submitted,

**Higer Lichter & Givner, LLP**
*Attorneys for Grove Harbour Marina*
*and Caribbean Marketplace, LLC*
18305 Biscayne Boulevard, Suite 302
Aventura, Florida 33160
Telephone: (305) 933-9970
Facsimile:  (305) 933-0998

By: s/Michael J. Higer
    Michael J. Higer, Esq.
    Florida Bar No.  500798
    mhiger@HLGlawyers.com
    Christopher J. Maranges
    Florida Bar No. 69875
    cmaranges@HLGlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Michael J. Higer
Michael J. Higer

## SERVICE LIST

Matthew L. Litsky, Esq.
Patricia A. McLean, Esq.
Jeffrey S. Pekar, Esq.
Phelps Dunbar, LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602
Phone: (813) 472-7550
Facsimile: (813) 472-7570
Email: litskym@phelps.com
Email: mcleanp@phelps.com
Email: pekarj@phelps.com

Higer Lichter & Givner